United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Western-Southern Life Assurance Company, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 20-24468-Civ-Scola ) |
| Elma Grace Pearson and others, Defendants. | ) ) ) |

### Order On Motion For Default Judgment

    This matter is before the Court upon Stakeholder Western-Southern Life Assurance Company's motion for default judgment against Claimant Gloria Prescott, pursuant to Federal Rule 55. (ECF No. 28.) Having reviewed Western-Southern's motion and record, the Court **denies without prejudice** Western-Southern's motion for default judgment. (**ECF No. 28**.)

    This interpleader action is brought pursuant to 28 U.S.C. § 1335 and Federal Rule 22. Interpleader is the means by which a stakeholder, who typically claims no interest in an asset, avoids liability by asking the Court to determine the asset's rightful owner. *John Hancock Life Ins. Co. v. Peralta*, No. 08-20395-Civ, 2009 WL 10668937, at *1 (S.D. Fla. Feb. 12, 2009) (Gold, J.). The essential requirement for interpleader is that the stakeholder is or may be exposed to double or multiple liability. *Id.* In an interpleader action, the burden is on the stakeholder to show that it is entitled to such an action. *Id.* By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Metropolitan Life Ins. Co. v. Prewitt*, 18-81402-Civ, 2019 WL 917430, at *2 (S.D. Fla. Feb. 25, 2019) (Bloom, J.).

    Upon review of the Stakeholder's interpleader complaint, the Court finds that this interpleader action is well-plead. Western-Southern alleges that on January 24, 1985, the decedent Harry L. Pearson took out a life insurance policy, numbered W191976 valued at $47,500.00. (ECF No. 1, at ¶¶ 9-10.) At the time the policy was opened, Mr. Pearson named Elma Pearson, his wife, as the sole beneficiary of the policy. (ECF No. 1, at ¶ 11.) On October 31, 2019, Mr. Pearson requested Western-Southern change the beneficiary designation of the policy, requesting his wife receive $10,000.00; Leon Pearson, Mr. Pearson's brother, receive $15,000.00; Ernestine Pearson, Mr. Pearson's sister, receive $15,000.00; and Gloria Prescott, Mr. Pearson's friend, receive $7,500.00. (ECF No. 1, at ¶ 13.) By letter dated November 7, 2019, Western-Southern rejected

this change, as the beneficiary change form required Mr. Pearson to list percentages and not dollar amounts for his beneficiaries. (ECF No. 1, at ¶¶ 14-15.) Mr. Pearson passed away on November 3, 2019, and therefore was unable to fix his beneficiary designations pursuant to Western-Southern's instructions. (ECF No. 1, at ¶ 16.) Shortly after Mr. Pearson's death, Western-Southern received information that there was a dispute among the beneficiaries as to who is the proper beneficiary or beneficiaries of Mr. Pearson's policy, as well as a dispute as to whether Mr. Pearson had the capacity to execute this change. (ECF No. 1, at ¶¶ 17-18.) Western-Southern states it stands ready to pay out on the policy proceeds, but is concerned it may face multiple liability with respect to Mr. Pearson's policy.

While the Court finds that Western Southern has satisfied Federal Rule 22 with respect to this interpleader action, it has not yet satisfied the jurisdictional requirements of 28 U.S.C. § 1335. Under 28 U.S.C. § 1335, district courts have "original jurisdiction of any civil action of interpleader . . . if two or more adverse claimants, of diverse citizenship . . . may claim to be entitled to such property . . . and if the plaintiff has deposited such money or property . . . into the registry of the Court." 28 U.S.C. § 1335(a)(1). Actions for interpleader require only minimal diversity, which is satisfied here. *DeKalb Cnty., Ga, Bd. of Ed Tax Sheltered Annuity Plan v. Trezvant*, No. 1:11-CV-2787, 2011 WL 13222716, at *1 (N.D. Ga. Oct. 26, 2011). As the Plaintiff has not yet moved to deposit the funds at issue into the registry of the Court, it appears the Court does not yet properly have jurisdiction over this action. *Id.* at *1-2.

Accordingly, the Court **denies without prejudice** Western-Southern's motion for default judgment. Once Western-Southern has satisfied the jurisdictional requirements of 28 U.S.C. § 1335, Western-Southern is free to move again for default judgment against Gloria Prescott. The Court notes that should Ms. Prescott fail to appear or contest her default, she will forfeit any claim or entitlement that she otherwise may have asserted pursuant to Mr. Pearson's life insurance policy. *Metropolitan Life*, 2019 WL 917430, at *2 (collecting cases).

The Court directs the Clerk to **mail copies of this order** to any Defendant who has not appeared or who is appearing *pro se* at the addresses listed on the docket.

**Done and ordered** in Miami, Florida, on March 5, 2021.

                                                Robert N. Scola, Jr.
                                                United States District Judge