United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Western-Southern Life Assurance Company, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-24468-Civ-Scola |
| Elma Grace Pearson and others, Defendants. | ) ) ) | |

## **Order On Motion To Dismiss**

This matter is before the Court upon the Plaintiff-Stakeholder's motion to dismiss the Plaintiff-Stakeholder in this interpleader action. For the reasons stated below, the Court **grants** the Plaintiff-Stakeholder's motion. (**ECF No. 39**.)

The Plaintiff-Stakeholder filed its interpleader complaint in this matter on October 29, 2020. (ECF No. 1.) In its March 5, 2021 order on default judgment, the Court found the Plaintiff-Stakeholder's action to be "well-plead" but noted the Court did not yet have jurisdiction over the matter pursuant to 28 U.S.C. § 1335 because the Plaintiff-Stakeholder had not yet deposited the funds at issue into the Court's registry. (ECF No. 30.) Thereafter, on April 20, 2021, the Plaintiff-Stakeholder moved to deposit the funds at issue into the Court's registry (ECF No. 33), the Court granted the Plaintiff-Stakeholder's motion (ECF No. 34), and on April 26, 2021, the Plaintiff-Stakeholder filed a notice with the Court showing the funds had been deposited as ordered by the Court (ECF No. 37). After depositing the funds at issue into the Court's registry, the Plaintiff-Stakeholder moved to be dismissed from this action on the grounds that the Plaintiff-Stakeholder is disinterested. (ECF No. 39.) In its motion, the Plaintiff-Stakeholder noted that one of the Defendants in this matter, Elma Glenn Pearson, expressed opposition to the motion. On May 19, 2021, Ms. Pearson filed her opposition to the Plaintiff-Stakeholder's motion indicating her opposition was based on the fact that the Plaintiff-Stakeholder's dismissal from this action may mean that the Defendant is "unable to discover documents necessary to establish a prima facie case" and based on its belief that the Plaintiff-Stakeholder "has not stated it has a 'good faith' belief in the existence of colorable competing claims against the stake." (ECF No. 42.) The Defendant also states that because of the limited amount of funds involved, the Defendant "does not object to the dismissal of the Stakeholder if the Court deems the motion is proper as the attorney's fees and costs of the Stakeholder

could substantially reduce the amount Defendant . . . would be entitled to." (*Id.*) Accordingly, it appears the Defendant is confusingly taking the position of both opposing and not opposing the Plaintiff-Stakeholder's motion.

In interpleader actions, where, as here, a stakeholder is disinterested, courts discharge such stakeholders from liability and dismiss them from the action, a practice which is "particularly common in cases involving competing claims to life insurance proceeds where the interpleading insurers—as disinterested stakeholders—deposit the res into the court's registry and request immediate dismissal from the action." *Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.*, 699 F. Supp. 2d 1344, 1349 (S.D. Fla. 2010) (Gold, J.). Disinterested stakeholders may be awarded attorneys' fees, within the Court's discretion, where the disinterested stakeholder has acted in good faith. *Id.* at 1349-50.

At the outset, the Court notes it has already found the Plaintiff-Stakeholder's complaint to be well-plead, and therefore is confused by the Defendant Elma Grace Pearson's contention that Western-Southern has failed to state its good faith belief that there are multiple colorable claims at issue in this action. (ECF No. 30, ECF No. 42.) As set forth in the Court's prior orders, there is clearly a question as to whether Elma Grace Pearson alone, or Elma Grace Pearson and the other non-defaulting Defendants are entitled to the life insurance policy proceeds at issue in this matter. (ECF No. 30, at 1-2.) The Court disagrees with the Defendant's contention.

The Court also finds unpersuasive Ms. Pearson's conclusory allegation that she will somehow be prejudiced in this matter if the Plaintiff-Stakeholder is dismissed from this action. As other Courts have recognized, a stakeholder's dismissal from an action "does not preclude discovery" because the dismissed stakeholder "is still obligated to respond to any proper nonparty discovery request as prescribed under the Federal Rules of Civil Procedure." *American United Life Ins. Co. v. Bell*, No. 2:09-cv-907-TFM, 2010 WL 1995104, at *2 (M.D. Ala. May 18, 2010). Accordingly, the Court finds the Defendant's second basis for opposing the motion to be without basis. Indeed, the Defendant fails to identify a single piece of evidence that would be otherwise undiscoverable if the Plaintiff-Stakeholder is dismissed from this action.

While it is unclear if the Defendant does or does not oppose the Plaintiff-Stakeholder's motion, even if the motion is opposed, the Court finds the Plaintiff-Stakeholder's dismissal to be warranted as the Plaintiff-Stakeholder is disinterested, the interpleader action is well-plead, and the Defendant is fully capable of undertaking necessary discovery consistent with the Federal Rules of Civil Procedure regardless of whether or not the Plaintiff-Stakeholder remains a party to this action.

Based on the above, it is **ordered and adjudged** that:

1. The Plaintiff-Stakeholder, Western-Southern Life Assurance Company is **dismissed with prejudice** from this action and is discharged from all further liability under the policy at issue, subject to its right to request reasonable attorney's fees and costs incurred in connection with the filing and prosecution of this interpleader action.
2. The policy proceed claimants, Elma Grace Pearson, Leon Glenn Pearson, Ernestine Pearson, and Gloria Prescott,[1] and their respective agents, attorneys, representatives, heirs, executors, assigns, and all persons claiming through or under them, are permanently enjoined and restrained from instituting or pursuing any state or federal court action for the recovery of the death benefits or relating in any way to Western-Southern Life Assurance Company's actions with respect to the handling of these claims under policy W 191976.

Consistent with the above, the Court **grants** the Plaintiff-Stakeholder's motion to dismiss (**ECF No. 39**.) The Court directs the Clerk to **mail copies of this order** to any Defendant who is appearing *pro se* at the addresses listed on the docket.

**Done and ordered** at Miami, Florida on May 20, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] For the avoidance of doubt, the Court notes that on February 2, 2021, the Clerk found Defendant Gloria Prescott to be in default and the Court entered default judgment against her on May 10, 2021. As Ms. Prescott has failed to appear in this matter and failed to contest her default, Ms. Prescott has already forfeited any claim or entitlement she may otherwise have asserted to the funds at issue in this matter.